# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UNITED STATES OF AMERICA,<br>          Plaintiff,<br>          -vs-<br>2) $93,828.00 IN UNITED STATES CURRENCY,<br>          Defendant. | )<br>)<br>)<br>)<br>) CIV-20- 759-SLP<br>)<br>)<br>)<br>)<br>) |

## **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

## **NATURE OF THE ACTION**

1. Plaintiff, United States of America, alleges upon information and belief for this *in rem* forfeiture action brought against United States currency in the amount of $93,828.00, (the "Defendant Currency") that Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## **THE DEFENDANT *IN REM***

2. Defendant Currency consists of $93,828.00 in United States Currency seized by the Oklahoma Highway Patrol (OHP) during a traffic stop near Interstate 40 and Cimarron Road, on March 4, 2020. The traffic stop occurred in the Western District of Oklahoma.

3. On March 11, 2020, the Defendant Currency was adopted by the Drug Enforcement Administration (DEA), and is currently in the custody of the United States Marshal's Service, where it shall remain subject to this court's jurisdiction during the pendency of this action.

4. On May 5, 2020, Clinton Smith, filed a claim of ownership to Defendant Currency with DEA to contest the administrative forfeiture of the Defendant *in rem*.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the Defendant Currency according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

7. Venue is proper in this district pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district. Furthermore, venue is also proper here pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

8. The United States alleges that Defendant Currency is subject to forfeiture to the United States because it is the proceeds of criminal activity. Specifically, the United States alleges that the Defendant Currency is forfeitable to the United States according to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

9. Title 21, United States Code, Section 881(a)(6) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

10. Title 21 United States Code, Section 841 makes it a crime for any person to knowingly possess a controlled substance with intent to distribute that controlled substance.

11. Title 21, United States Code, Section 846 makes it a crime to conspire to violate a provision of Title 21. That is, Section 846 provides that any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

## **FACTS**

12. On March 4, 2020, at approximately 10:30 p.m. Oklahoma Highway Patrol (OHP) Trooper Brady Webb conducted a traffic stop on a Nissan Altima that was traveling westbound on Interstate 40 near mile marker 132 for a state traffic violation – speeding. The stop occurred in the Western District of Oklahoma.

13. There were two people in the car. The driver was identified as Clinton Smith. The passenger was identified as Jolisa Williams. Trooper Webb requested that Smith sit in the front passenger seat of his patrol car while he wrote Smith a warning for speeding. During the conversation, Smith stated he and Williams were traveling to Los Angeles, California for one or two days because they have never been. Smith stated they anticipated staying in Air BnB but had not yet booked a reservation. Smith stated neither he nor Williams know anyone or have family in the Los Angeles area.

14. Smith stated the Nissan Altima was a rental car and was rented by his sister Candice Smith. Candice was not in the car and Smith did not possess the rental agreement. Trooper Webb returned to the Nissan to obtain the vehicle registration in order to confirm the Vehicle Identification Number (VIN). While Trooper Webb was trying to locate the registration he spoke to Williams. Williams stated she and Smith were going to Los Angeles for one or two days and they were going to stay with Williams' sister in Los Angeles.

15. Trooper Webb returned to his patrol car and requested a criminal history check on Smith. Once again Smith denied knowing anyone in Los Angeles.

16.     While waiting for the criminal history returns, Trooper Webb deployed his narcotic detection K-9 "Outlaw" for a free air sniff around the Nissan. Trooper Webb's K-9 gave a positive alert and indication for narcotic odor emitting from the Nissan. Smith was asked if there was any Marijuana, Methamphetamine, Cocaine, or Heroin in the Nissan. Smith said that there was not. Smith also denied the presence of any weapons in the Nissan.

17.     Trooper Webb asked Smith if there was any large amount of U.S. currency in the Nissan. Smith stated there was approximately $18,000 to $19,000 in a bag in the Nissan's trunk. Trooper Webb asked Smith if there was any more money in the Nissan and Smith said no.

18.     Based upon the K-9 alert, Trooper Webb and an assisting OHP Trooper, Trooper Eddie Fish, performed a probable cause search of the Nissan. A large amount of U.S. currency was located in a black duffel bag in the trunk, confirming Smith's previous statement. This currency was folded and secured with rubber bands. In the front right passenger foot area of the Nissan, hidden under the carpet, more U.S. currency was located. This currency was vacuum sealed and secured by numerous rubber bands. In the driver's floorboard, hidden under the carpet, more U.S. currency was located. This currency was also vacuum sealed and secured by rubber bands. On Smith's person he had a white envelope containing U.S. currency, Smith stated he believed this amount to be approximately $3,000.

19.     Smith stated the money in the vacuum sealed bags was his and it was his "life's savings." Smith was asked how much U.S. currency in total was in the vehicle. Smith advised it should be over $100,000, but was unsure of the exact amount.

20.     Smith agreed to speak with investigators about the currency. Smith and Williams were transported to the OHP Special Operations (SO) office which is located in the Western District of Oklahoma.

21.     DEA Task Force Officer (TFO) Mark Dlugokinski advised Smith of his *Miranda* rights and then Smith agreed to speak to officers. Smith stated he drives a truck for a living. Smith stated he was taking the money to Los Angeles to "show off for the ladies." Smith stated he was unemployed for approximately six months over the past year. Smith also stated that he has only made about $200,000 in the past ten years. Smith gave consent to search and to download his cell phone information. On the phone, Trooper Webb observed several text message conversations regarding drug transactions between Smith and other people whose numbers were not saved in Smith's phone. Smith also had pictures of marijuana, screen shot pictures of drug transaction conversations, and pictures of large amounts of U.S. currency.

22.     TFO Dlugokinski advised Williams of her *Miranda* rights, she acknowledged them and agreed to speak with TFO Dlugokinski. Williams stated she is not employed and that Smith asked her to go to Los Angeles with him because she had a clean record and a license.

6

23. Smith and Williams were released with the Nissan, a copy of the confiscated property receipt for the bulk currency and Smith's cell phone. During this interaction, Smith voluntarily uttered, he was still going to Los Angeles because he still had money.

24. At the Troop SO office, the U.S. currency seized during the traffic stop was placed in a cardboard box and mixed with three other identical boxes. Trooper Webb then deployed his K9. The K9 gave a positive alert and indication to the box containing the U.S. currency.

25. The U.S. currency was placed through a money counting machine by Trooper Webb and OHP Trooper Doug George at the Trooper SO office and displayed a count of $93,828.00.

26. The Defendant Currency is liable to condemnation and to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant Currency; that the Defendant Currency be forfeited to the United States; that Plaintiff be awarded its costs and disbursements in this action; and the Court order any such other and further relief as this Court deems proper and just.

Respectfully submitted,

TIMOTHY J. DOWNING
United States Attorney

/s/ *Wilson D. McGarry*
WILSON D. McGARRY
Assistant U.S. Attorney
Oklahoma Bar No. 31146
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone: (405) 553-8700
E-mail: wilson.mcgarry@usdoj.gov

## VERIFICATION

I, Mark Dlugokinski, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint of Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true of my own knowledge, except those matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on __7-31-__, 2020.

Mark Dlugokinski, Task Force Office
Drug Enforcement Administration

Subscribed and sworn to before me this __31__ day of __July__, 2020.

NOTARY PUBLIC

Attachment 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$93,828 in United States Currency

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wilson D. McGarry, Assistant U.S. Attorney
U.S. Attorney's Office, 210 Park Ave., Ste 400, Oklahoma City, OK 73102; Phone: 405.553.8700

Attorneys *(If Known)*
Derrick R. Williams
1217 N. Kingshighway, Suite 112, Cape Girandeau, MO 63701
Phone: 573-803-2051

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21 U.S.C. § 881(a)(6), for violations of 21 U.S.C. §§ 841 and 846

Brief description of cause:
Defendant Property constitutes or is derived from drug proceeds

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                DOCKET NUMBER

DATE: 08/03/2020
SIGNATURE OF ATTORNEY OF RECORD: s/Wilson D. McGarry

**FOR OFFICE USE ONLY**
RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE